# Larkin v. Woosley.

## *Action of Assumpsit.*

1. *Married woman; contract.*—A married woman cannot maintain an action on a verbal contract, made for her by her husband.

2. *Same; recovery for services rendered.*—Under the statute (Code, § 2342) providing that "the earnings of the wife are her separate

[Larkin v. Woosley.]

property, but she is not entitled to compensation for services rendered to or for her husband, or to or for the family" a married woman is entitled to recover the value of labor performed by her for anôther; but where her claim is based upon services rendered in making a crop with her minor children, she must furnish the data from which the value of the services rendered by her can be ascertained, as she cannot recover for the product or labor of the minor children, which belonged to the husband.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. J. A. BILBRO.

The second charge requested by the defendant, to the refusal to give which the defendant excepted, was as follows: "If the crop was cultivated by the wife and hree minor children, the wife is entitled to her own laoor, and the husband is entitled to the labor of his children, and she cannot recover for any part of the labor performed by the children; and unless the jury have some reliable data for ascertaining the separate value of her property from that of her children, and the value of her labor from the value of her children, she cannot recover." There were verdict and judgment for the plaintiff, and the defendant appeals.

J. E. BROWN, for appellant.

No counsel appeared for appellee.

COLEMAN, J.—The plaintiff, Woosley, sued the defendant on the common counts, for seed cotton sold and delivered, for work and labor done, and for an order payable to plaintiff, and accepted by the defendant. The plaintiff was a married woman, living with her husband. The cotton sued for was raised on the land of the defendant, and the labor performed by her was in the cultivation and gathering of crops. So far as her right of action to recover for seed cotton which belonged to her, and sold and delivered, depends upon any contract made with the defendant, the plaintiff must fail in her suit. If there was a contract, it was verbal, made for her by her husband. There is no pretense that the defendant contracted in person with her. Contracts, to be binding, must be mutual, and a married woman cannot bind herself by contract except it be in writing, with

[Larkin v. Woosley.]

the assent or concurrence of the husband expressed in writing.—*Strauss, Pritz & Co. v. Glass*, Mss.

Section 2342 of the Code of 1886 provides that "the earnings of the wife are her separate property, but she is not entitled to compensation for services rendered to or for the husband, or to or for the family." Under this section, we hold she is entitled to recover, as her separate property, for labor performed by her for the use and benefit of another, its recoverable value. To authorize a recovery for services rendered, she must furnish the data from which this value can be ascertained. There is evidence to show that her services rendered during the year 1892 were of the value of fifty-one and 35-100 dollars. If these services had been paid, of course she would not be entitled to recover for them. That is a question for the jury, under the evidence.

The cotton was raised during the year 1891, and the main controversy seems to have been in regard to the cotton. There is no evidence in the record of the extent and value of her services rendered during the year 1891, and, unless there had been some data furnished the jury, she could not recover more than a nominal amount. If we were to concede that she worked on the farm for a share of the crop, and was entitled to a share of the crop, there being no valid contract under the evidence by which her share was determined, it devolved upon her to show by evidence what would be a reasonable share for her services. There is no evidence of this character in the record. Furthermore, the evidence shows that the minor children of the husband and wife labored together in making the crop. The product or labor of the minor children belonged to the father, and he had the right to dispose of it in payment of his debt, and the law furnished a lien upon it for provisions, &c., furnished to aid in cultivating the crop. Section 3075 of the Code, considered. In this aspect of the case, the court erred in refusing charge No. 2 requested by the defendant.

We are of opinion the court did not err in refusing the affirmative charge for the defendant. There are no exceptions to any ruling of the court upon the order, and we presume the court instructed the jury correctly upon this question. The verdict rendered by the jury was

not authorized by the evidence, under the foregoing rules, and should have been set aside.

We have considered the case made by the evidence introduced by the plaintiff herself, without reference to the evidence of the defendant, and on this evidence the case must be reversed.

We must not be understood as holding that if the services rendered by the wife were for the husband, in carrying out a contract made by him with another, there being no understanding that the wife was to be compensated, that she could recover for such services. Upon this question we make no decision under the statute.

No brief on behalf of appellee has come to the hands of the court.

Reversed and remanded.