# Tuscaloosa Belt Railroad Co. v. Maxwell Bros.

## Damage to Property.

### (Decided Feb. 9, 1911. 54 South 620.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where there were two counts in the complaint, one counting on simple negligence and the other on wanton or wilful misconduct, and the general issue is filed, together with pleas of contributory negligence to the simple negligence count, and the jury find the issues in favor of the plaintiff, and there is no bill of exceptions, the finding of the jury is conclusive, and any error committtted in sustaining demurrers to special pleas addressed to the simple negligence count, is error without injury, as the verdict and the judgment will be referred to the wilful or wanton count.

2. *Damages; Exemplary Damages.*—Under a count for wilful or wanton injury, punitive as well as compensatory damages may be recovered.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by Maxwell Bros. against the Tuscaloosa Belt Railway Company, for damages for injury to property. Judgment for plaintiff and defendant appeals. Affirmed.

HENRY FITTS, and A. B. McEACHERN, JR., for appellant. The court erred in sustaining demurrers to the plea setting up contributory negligence in the driver in going on the track without stopping, looking or listening.— *H. A. & B. Ry. Co. v. Maddox,* 100 Ala. 618; *So. Ry. v. Hoggs,* 43 South. 844; *Garth v. N. A. T. Co.* 148 Ala. 96; *H. A. & B. R. R. Co. v. Sampson,* 91 Ala. 560; *Sands v. L. & N.* 47 South. 323. The court erred in sustaining demurrers to the pleas setting up the fact that the driver undertook to cross in front of a train which he saw approaching measuring the time and distance for himself, and thus assuming the risk.—*C. of Ga. v. Foshee,* 125

Ala. 199; *H. A. & B. R. R. Co. v. Fennell,* 111 Ala. 356; *So. Ry. v. Shelton,* 136 Ala. 191. Counsel discuss the replication and demurrers thereto, but in view of the opinion it is not deemed necessary to here set them out.

OLIVER, VERNER & RICE, for appellee. After a discussion of the pleadings, with citation of authority, counsel insist that the court will not reverse for the reason that any rulings on the pleading was harmless since the judgment could be referred to the second count of the complaint, on which issue was joined on the general issue, and that as there is no bill of exceptions the verdict of the jury is conclusive as to that count, and that consequently, no error intervened.—*Brantley's case,* 27 Ala. 44; *Morton v. Bradley,* 30 Ala. 681; *Foster. Johnson,* 70 Ala. 249; *Raney v. Raney,* 80 Ala. 167; *Shahan v. A. G. S.,* 115 Ala. 181; *Andrews v. Hall,* 132 Ala. 322.

SOMERVILLE, J.—This is a tort action, brought by the plaintiffs against the defendant, to recover damages on account of one of defendant's locomotives being allowed to run upon a pair of mules and a wagon, the property of the plaintiffs, resulting in the killing of one of the mules and the so injuring of the other that it had to be killed, and also in the damaging of the wagon. The complaint contains two counts; the gravamen of the first being simple negligence, whilst the second counts on willful or wanton injury. There was verdict, with judgment thereon, for the plaintiffs, from which judgment the defendant has appealed.

There is no bill of exceptions, and the only errors assigned relate to rulings of the court upon the pleadings. Numerous pleas of contributory negligence, to both counts, were filed, as well as the general issue to each count. The court sustained demurrers to all the

[Tuscaloosa Belt Railroad Co. v. Maxwell Bros.]

pleas addressed to the second count, except the plea of the general issue; and sustained demurrers to some of the pleas addressed to the first count. It has been many times held that the general issue is the only proper plea to a count for wilful or wanton injury; and so the appellant, with becoming propriety, has not assigned for error any ruling of the court sustaining demurrers to its special pleas addressed to the second count.

As to the joinder of issue, the judgment entry recites: "And issue being now joined on plea 1, and also on replications 1, 2, and 3, to pleas Nos. 4, 7, 8, 9, and 11,, to the first count, and issue being also joined on the second count of the complaint and plea No. 1 thereto, etc." The verdict of the jury follows in this form: "We, the jury, find the issues in favor for the plaintiffs and assess their damages at $400.00." The appellees contend that, notwithstanding the court may have committed error in its rulings with respect to some of the special pleas, yet in the form in which the case is presented by the record, and especially in view of the form of the verdict of the jury, such errors must be held to be without prejudice to the appellant. This contention goes upon the theory that the truth of the second count, and the falsity of the plea thereto, being established by the verdict of the jury, the plaintiffs were entitled to judgment, irrespective of the first count and of the pleas thereto; and the judgment is not reversible for any rulings of the court with regard to pleas addressed to the first count. While the record shows a demurrer to the second count of the complaint, and shows that the demurrer was overruled, yet the ruling of the court in this respect is not assigned as error. There was no demurrer to the plea of the general issue to the second count. It was in good form and issue was joined upon it.

*Brantley's case,* 27 Ala. 44, 46, was a scire facias on a forfeited recognizance against Brantley and his sureties, of whom the latter only were served with process. The sureties appeared and filed seven special pleas in answer to the scire facias. Demurrer was sustained to the first, sixth, and seventh, and overruled as to all others. Trial was had on issues joined on the second, third, and fourth pleas, and the jury returned a verdict in form as follows: "We, the jury, find the issues in favor of the defendants." Rice, J., speaking for the court said: "In the present case, the jury found all the issues (including the issues on the second plea) for the defendants. That plea was not demurred to, and no error has been committed by the court below in regard to it. That plea is good, and the proof of its truth absolutely destroys the plaintiff's action. As the court below committed no error in relation to that plea, we are not authorized to deprive the defendants of the benefit of the verdict establishing its truth, merely because the court may have committed errors in its rulings as to other and independent pleas. If there was error in the overruling of the demurrers to the third and fourth pleas, such error had no connection with, and no influence upon the second plea, and in no way contributed to the proof of the truth of that plea. We do not here allow the defendants any benefit from their third and fourth pleas. We consider those two pleas as in effect stricken out of the record. The verdict ascertaining the truth of the second plea is sufficient, per se, to sustain the judgment for the defendants. If the verdict had been general for the defendants, and had not shown affirmatively that the jury found 'the issues in favor of the defendants,' it is possible we might have held that we would not interpret the verdict as finding all the issues for the defendants; and that, therefore, the error in any of the rulings of the

court as to the third and fourth pleas would be ground of reversal, if indeed such error was found to exist. But as the verdict shows clearly that the jury found the issue on the second plea, as well as the issues on the other pleas, in favor of the defendants, the rulings of the court as to the third and fourth pleas, even if erroneous, constitute no ground of reversal; because there was no error committed by the court as to the second plea, and the finding of the truth of that plea, per se, absolutely destroys plaintiff's action."

*Brantley's case* was cited approvingly in *Jesse v. Carter,* 28 Ala. 475, 480.

In *Morton v. Bradley,* 30 Ala. 683, 691, it was said by the court, through Walker, J., referring to the *Brantley case:* "Perhaps it may hereafter be found necessary to restrict the rule, so as not to include a case where the testimony clearly authorized a verdict for the defendant only on the bad plea."

In the case just referred to there was a bill of exceptions, and the verdict of the jury was in general form: "We, the jury, find for the defendant." So that the qualification is not applicable here.

In *Foster v. Johnson,* 70 Ala. 249, 252, *Brantley's case* is relied upon and cited approvingly, as it is also in *Shahan v. A. G. S. R. Co.,* 115 Ala. 181, 22 South. 449, 67 Am. St. Rep. 20.

There can be no differentiation of the instant case from the *Brantley case, supra,* resting upon the fact that the decision in that case had to do with pleas, while our case deals with complaint and pleas. We have but to make the application of the principle enunciated in the *Brantley case* to the present one to show that the judgment here appealed from cannot be reversed for error in rulings on the pleas.

[Tuscaloosa Belt Railroad Co. v. Maxwell Bros.]

According to the verdict of the jury the proof showed that the defendant was guilty of willfully and wantonly injuring the plaintiff's property, and, there being no bill of exceptions, we are precluded from even making inquiry as to the validity of the jury's finding. On the contrary, the conclusive presumption is that it is right. Therefore, the defendant being by the jury found guilty of willful or wanton injury, and there being no erroneous ruling of the court in respect to the willful or wanton count or to the pleas addressed to it, if there was error in sustaining demurrers to some of the pleas of contributory negligence, such error had no connection with, nor influence upon, either the second count, the issues made by it, or the plea thereto; for contributory negligence could not be any answer to that count, nor would proof of simple negligence support it.—*Markee's case,* 103 Ala. 160, 15 South. 511, Am. St. Rep. 21; *Jones v. Ala. Mineral Railroad Co.,* 107 Ala. 410, 18 South, 30; *George v. Mobile & Ohio R. Co.,* 109 Ala. 258, 19 South. 784; *Levin v. Memphis & Charleston R. Co.,* 109 Ala. 600, 19 South. 699; *Highland Ave. & B. R. Co. v. Sampson,* 112 Ala. 435, 20 South. 566; *Highland Ave. & B. R. Co. v. South.* 112 Ala. 654, 20 South. 1003; *Louisville & N. R. Co. v. Orr,* 121 Ala. 499, 500, 26 Suth, 35; *Highland Ave. & B. R. Co. v. Robbins,* 124 Ala. 118, 27 South. 422, 82 Am. St. Rep. 153; *Central of Georgia Ry. Co. v. Foshee,* 125 Ala. 222, 27 South, 1006; *Southern Ry. Co. v. Moore,* 128 Ala. 448, 29 South. 659.

So far as damages are concerned, the plaintiffs could recover compensatory damages and punitive, under the second count; so that feature of the case can have no influence in respect to the conclusion to be reached on this appeal.

[Alabama City G. & A. Ry. Co. v. Appleton.]

Upon the foregoing considerations the court holds that the judgment of the county court should be affirmed, and it will be so ordered.

Affirmed.

DOWDELL. C. J., and ANDERSON and SAYRE, JJ., concur.