# Milbra *v.* Sloss-S. S. & I. Co.

## *Death Action.*

(Decided April 23, 1913.  62 South. 176.)

1. *Trial; Verdict; Several Issues.*—Where a case is submitted to the jury both on the plea in abatement and on pleas in bar, the court should instruct the jury, in the event of a finding for defendant, to indicate by their verdict the issue on which they found.

2. *Appeal and Error; Review; Theory of Case.*—The appellate court will proceed in determining the case on appeal, on the same theory as that on which the issues were tried by the trial court.

3. *Death; Action By Administrator; Ne Unques Administrator.*— In an action by an administrator for the death of his intestate brought under section 2486, Code 1907, the plea of ne unques administrator, although a plea in bar, went only to plaintiff's right to maintain the suit, and did not deny negligence or fault on the part of defendant.

4. *Abatement and Revivor; Another Action Pending; Identity; Idem Sonans.*—The name "Milbra" and "Milburn" are not idem sonans, and prima facie describe different persons; hence, in an action by an administrator for the death of Edward Milbra, his intestate, a plea of ne unques administrator growing out of the fact that through inadvertence or misunderstanding, letters of administration had been issued to Albert Milburn on the estate of Edward Milburn, and setting up a pending suit by such administrator, was not a good plea.

5. *Same.*—The plea of another action pending is not good unless the judgment rendered in the first action would conclude the parties and operate as a bar to the second action.

6. *Evidence; Parol; Judicial Records.*—Where by his plea of another action pending defendant set up a probate record according to its supposed legal effect, and the record shows a fatal variance from the plea, parol evidence that letters of administration to "Milburn" were intended for "Milbra" was not competent to explain away the record, although the parties or the subject matter might be identified thereby.

7. *Same; Secondary Evidence.*—What ought to be of the record must be shown by the record.

8. *Same; Party Controlling Litigation.*—In view of the fact that a person may go into court under an assumed name, oral evidence is admissible to show the real party directing or controlling the litigation.

9. *Same; Presumption; Probate Record.*—A probate court dealing with its own record in appointing an administrator will be presumed to have been informed of the facts, and all intendment will be indulged in favor of its record.

10. *Courts; Jurisdiction.*—Real parties and a real subject matter are essential to jurisdiction, and certainty in their designation in the pleadings is also essential, since they go in a material way to make up the record.

11. *Same; Probate Courts.*—In the matter of granting letters of administration courts of probate are courts of general jurisdiction.

12. *Names; Assumed or Adopted.*—A person may adopt or assume whatever name he pleases, and if he deals with others or goes to court under that name, no harm is done, and no one with whom he litigates can complain.

13. *Pleading; Variance; Cure.*—Where the action was by an administrator for the wrongful death of his intestate, Edward Milbra, and defendant pleaded the appointment of another administrator, but showed only that one Milburn as administrator of another Milburn had a suit pending, such defect could not be cured by assuming that on the trial of the other suit, the administrator therein might amend by alleging and proving that his own, and that his decedent's true name was Milbra.

14. *Executors and Administrators; Action by; Ne Unques Administrator.*—A plea of ne unques administrator asserts the right of defendant to be he held answerable only to that plaintiff who has the right to sue and the lawful authority from the proper source.

15. *Same; Jurisdiction to Appoint; Revocation.*—Where the probate court has granted letters of administration it is without jurisdiction to make the second grant until the first has been revoked, though the first grant was voidable, and such second grant was null and void, and subject to collateral attack; but if its first appointment is wholly ineffectual, the court may ignore such appointment and assert its jurisdiction to appoint another administration.

16. *Same.*—A petition for letters of administration on the estate of one Milburn does not give the probate court any jurisdiction to undertake the administration of the estate of one Milbra, in the absence of any mistake, clerical or otherwise, on its part, since for the security of title and the protection of the purchasers at administrator's sales, it is necessary that estates should be known and designated by the name of the deceased owner.

17. *Same; Construction and Effect.*—Where the facts authorized a finding that the probate court's first appointment of an administrator was void, its action in appointing a second one, when collaterally assailed, may be considered as a finding that the first grant was wholly ineffectual, and that there was a vacancy in the office of the administrator of the estate, because no administrator had been appointed; or it may be considered that the record was amended so as to show a finding of the facts subsequently appearing so that letters issued to the second administrator could not be collaterally attacked by a defendant in the administrator's action for damages for the alleged wrongful death of his intestate.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON

Action by Levi Milbra, as administrator of the estate of Edward Milbra, against the Sloss-Sheffield Steel & Iron Company, for damages for the wrongful death of his intestate. Judgment for defendant and plaintiff appeals. Reversed and remanded.

HARSH, BEDDOW & FITTS, for appellant. Notwithstanding the decision on former appeals holding that the court should have overruled demurrers to plea J. (55 South. 891) is insisted that the plea was subject to defects not considered in that opinion.—*Coldale B. Co. v. So. Con. Co.,* 110 Ala. 605. The records of the probate court showing the appointment of Albert Milbra to be the administrator of Edward Milbra cannot be collaterally impeached in a suit brought by such administrator for damages for the death of his intestate.—*Henley v. Johnson,* 134 Ala. 649; Jones on Evidence, sec. 37. The names Milbra and Milburn are not idem sonans.—21 A. & E. Enc. of Law, 313, et seq. The recital of such a judgment cannot be disputed.—*Perry v. King,* 117 Ala. 536; *Massey v. Smith,* 73 Ala. 175; *Patterson v. Burnett,* 6 Ala. 843; *Deslonde v. Darrington,* 29 Ala. 92; 17 Cyc. 572; 23 Cyc. 1061; 64 Am. Dec. 62; 46 Am. Dec. 293; 52 Am. St. Rep. 604. Plaintiff was entitled to have written charges 1 and 2 given.—*Washington v. State,* 68 Ala. 87; *Wilson v. Holt,* 83 Ala. 541; *Lynes v. State,* 5 Port. 241; 14 Enc. P. & P. 271, 292. Counsel discuss the other refused charges in the light of these authorities, and insist that they should have been given.

TILLMAN, BRADLEY & MORROW, L. C. LEADBEATER, P. P. WALDROP, and J. A. SIMPSON, for appellee. Parol evidence is admissible to identify a party to a record, or a person referred to in an instrument of writing.—

*Tarleton & Pollard v. Johnson,* 25 Ala. 300; *Mosely v. Mastin,* 37 Ala. 216; *Taylor v. Strickland,* 37 Ala. 642; *Lamar v. Minter,* 13 Ala. 31; *Boyd v. Gilchrist,* 15 Ala. 849; *Brown v. Johnson,* 42 Ala. 208; *Loveman v. B. R. L. & P. Co.,* 149 Ala. 515; 131 S. W. 996; 99 Pac. 351; *M. & M. Ry. Co. v. Yeates,* 67 Ala. 164; 102 S. W. 436; 105 S. W. 1118; Cyc. 1221; Freeman on Judgments, sec. 175; 91 N. E. 1028; 78 Atl. 620; 44 S. W. 404; 29 Cal. 514; 7 N. E. 498; 1 N. E. 70; 33 Miss 653; 69 Am. Dec. 375; 5 Mo. 435; 7 Daly 436; *Riley v. Gourley,* 9 Conn. 154; *Simpson v. Dix,* 131 Mass. 179; *Graham, et al. v. Bates & Co.,* (Tenn.) 45 S. W. 465; *Crofts v. Sikes,* 4 Gray 194; 64 Am. Dec. 62; *McLaughlin v. Wilkes,* (Mich.) 4 N. W. 268. The probate court is a court of general jurisdiction in the granting of letters of administration, and an error in name is at most a mere irregularity.—*Mooring v. Tipton,* 126 Ala. 350. An irregularity after jurisdiction has attached can be amended at any time.—*Mooring v. Tipton,* 126 Ala. 350; *Whorley v. Memphis & Charleston R. R. Co.,* 72 Ala. 20. When the probate court has granted letters on an estate, though the grant is voidable, it is without jurisdiction to make a second grant, until the first has been revoked, and a second grant is null and void and the invalidity can be exposed in a collateral attack.—*Coltart v. Allen,* 40 Ala. 155; *Hickey v. Stallworth, Adm'r,* 143 Ala. 535; *Allen v. Kellum,* 69 Ala. 442; *Matthews v. Douthit,* 27 Ala. 273; *Gray v. Cruise,* 36 Ala. 559; *Morgan v. Casey,* 73 Ala. 222. A difference in name is merely prima facie evidence of a difference in person.—*Fowler v. Stebbins,* 136 Fed. 365; *Brum v. Ivins,* (Cal.) 96 Pac. 876. When by the undisputed evidence a party is entitled to the general charge, errors, if any, are without injury on appeal.—*Christian v. Denmark,* 156 Ala. 390; *Emmet, et al. v. Hooper,* 157 Ala. 586; *Western Union Tel. Co. v. Whitson,* 145 Ala. 426.

SAYRE, J.—Appellee, being sued, pleaded at the same time a plea in abatement and pleas in bar of the suit, and the issues so raised were submitted together to a jury. More conveniently, perhaps the two classes of pleas could have been determined separately; the plea in abatement being tried first in order. It was not impossible, however, to try the case on all pleas at once; but in that case the jury should have been intrusted, in the event of a finding for defendant, to indicate by their verdict the issue on which they so found, for so only could the exact meaning and effect of such finding be determined and made to appear. As it is, we are unable to say whether the resultant judgment was intended to determine and conclude the merits of the asserted cause of action or only the disability of the plaintiff to maintain the particular suit; but no objection to this feature of the procedure was taken, no suggestion made that the plea in abatement had been waived by the filing of the pleas in bar, no effort made to have the verdict discriminate between the issues submitted, and the court below tried the issues of law and fact as the parties presented them. We must now proceed in the same way.

Plaintiff (appellant) sought to recover damages for the alleged wrongful death of his intestate, those counts which were permitted to go to the jury under the evidence proceeding under the homicide act, section 2486 of the Code. In abatement of the suit defendant pleaded that there was then pending another suit between the identical parties, on the identical cause of action. There was also plea of ne unques administrator. This, though a plea in bar, went only to plaintiff's right to maintain the suit. It did not deny deliction on the part of defendant. On these pleas, as well as on pleas in denial of defendant's wrong and pleas of contributory negligence, issue was joined and the case tried.

On a former appeal in this case the plea in abatement was held good.—*Sloss-Sheffield Co. v. Milbra,* 173 Ala. 658, 55 South. 890. To the same effect we may cite *Perkins v. Moore,* 16 Ala. 17. The facts upon which this plea and the plea of ne unques administrator rested, and out of which the chief difficulty of this case has arisen, were these: Albert Milbra, a brother of plaintiff administrator, first took steps to have himself appointed administrator of the estate of his father, Edward Milbra, for the purpose of bringing suit against defendant on account of the death of deceased. The testimony tended to show that, through inadvertence or misunderstanding of the attorney to whom he went, a petition was filed on behalf of Albert Milburn for letters of administration on the estate of Edward Milburn, deceased, and letters were so issued designating the administrator and the deceased exactly as they were designated in the petition. Likewise a suit was brought in which plaintiff described himself as Albert Milburn, administrator of the estate of Edward Milburn, deceased. That was the pending suit to which defendant referred in its plea in abatement, while the theory of the plea of ne unques administrator was that the prior issue of letters to Albert Milburn, as administrator of the estate of Edward Milburn, rendered the subsequent letters to plaintiff, Levi Milbra, as administrator of the estate of Edward Milbra, null and void. To establish these pleas defendant was allowed to prove by parol that the letters to Albert Milburn were intended for Albert Milbra, and permitted the jury to find that these letters authorized an administration of the estate of Edward Milbra, deceased. It may be observed, however, that the testimony offered tended only to show the attorney's mistake. There was no evidence to the effect that any of the Milbras, were known or called by the name of Mil-

burn, if that be of any consequence in this case, nor any that there was error, clerical or otherwise, in the probate record.

If defendant, instead of putting its plea in abatement into the form of mere conclusions, had pleaded the record of the alleged pending suit as it was without more, "Prout patet per recordum," as the old books put it, it is manifest that on demurrer the plea would have been held bad. For Milbra and Milburn are not idem sonans, and prima facie they describe different persons. Defendant pleaded a record according to its supposed legal effect; but between the plea and the proof of it there was a material and fatal variance which the testimony offered was incompetent to explain away.

"The record imports absolute and complete verity. It is neither to be increased nor diminished by any averment, out of or beyond the record. It is to the record, as the law and the testimony, upon which the pleader refers his claim."—*Dimick v. Brooks*, 21 Vt. 578. And the rule is that what ought to be of record must be proved by the record.—*Munday v. Vail*, 34 N. J. Law, 418; *Mondel v. Steel*, 8 M. & W. 858. But while the record cannot be contradicted or enlarged, consistently with it, and within it, the parties and subject-matter may be identified.—*Tarleton v. Johnson*, 25 Ala. 300, 60 Am. Dec. 515. A number of our cases to the same general effect are cited by counsel for appellee in their brief.

The question then is, How far, within the principles laid down in the cases referred to, may the defendant go in its effort to eke out by parol a record which onl its face does not purport to deny plaintiff's authority to sue, in order to destroy the effect of another record regular on its face, and in perfect accord with the facts, granting that authority to plaintiff? This, in a certain aspect, is a question of due process in the probate

court. It involves largely more than those considerations of policy, advanced by the abatement plea, which would protect defendants against vexatious multiplicity of suits, though the two propositions may come at last to the same practical result, for the policy of the abatement plea does not obtain unless the judgment rendered in the first action would conclude the parties and operate as a bar to the second. The legal effect of the plea was, at least the court on demurrer interpreted the plea as meaning, that plaintiff, to wit, Levi Milbra, as administrator of the estate of Edward Milbra, deceased, had a suit pending; but the proof was only that Albert Milburn, as administartor of Edward Milburn, deceased, had a suit pending. The defect in the situation thus disclosed could not be cured to meet defendant's purpose by assuming that on the trial of Albert Milburn's suit he might amend by alleging and proving that his own and his decedent's true name was Milbra. That would still leave defendant's plea in abatement wholly unsupported in its averment of the identity of the plaintiffs in the two actions.

Defendant's plea of ne unques administrator asserted its more essential right to be held answerable only to that plaintiff who had lawful authority to sue. Authorities cited by appellee are ample to show that when the probate court has granted letters of administration on the estate of a decedent, though the grant be voidable, it is without jurisdiction to make a second grant until the first has been revoked, and a second grant is null and void and its invalidity may be exposed on collateral attack. But if its first effort is wholly ineffectual, then the court may ignore that effort and its record, and proceed to assert its jurisdiction and to appoint an administrator, and that, in our judgment, is what the probate court properly did in this case.

Jurisdiction attaches to persons, to things, to facts, not to mere words, and an error in name is nothing where there is certainty as to the thing; but names are necessary to due process and to the sense and effect of those records which the courts are bound to keep. Jurisdiction must not be usurped; it must not be taken of a matter not presented or described. Proceedings omitting the names of persons and the description of things to be delt with would be absurd.—2 Hughes on Proc. 612, 697, 1021, 1053. As real parties and a real subject-matter are essential to jurisdiction, so certainty in their designation in the pleadings, which go in material part to make up the record, is essential. A person may adopt what name he pleases, and if he deals with others, or goes to court in a name, no matter what, no harm is done. No one with whom he deals or litigates can complain; hence the rule that the real party directing and controlling litigation may be shown by oral proof. But no one can impose arbitrary, untrue, and unknown descriptions on another person or thing. The estate of a decedent is a definite thing upon which the probate court acts, without notice to persons, by taking jurisdiction for administration. The security of titles and the protection of purchasers at administration sales make it necessary that estates be known and designated by the name of the deceased owner. A petitioner for letters of administration may call himself what he pleases, so long as he does not offend the court by fictitious pleading, but he can no more bring within the grasp of the court, nor has the court any more power to undertake, the administration of the estate of John Doe on a petition for the administration of the estate of Richard Roe than they have a right and power to administer the estate of a living person. Now, here, Milbra and Milburn are almost as far apart as John Doe and Richard Roe.

There was no testimony that the decedent was ever known or called by the name of Midburn except on the occasion of the application for letters of administration on his estate. There was no mistake, clerical or otherwise, on the part of the probate court. The record was made to correspond precisely with the petition by which the court's jurisdiction was invoked. If the probate court had subsequently dealt with the estate of Milbra in the record entitled "The Estate of Milburn," the parties interested in the estate of Milbra being present, a different question would be presented. Perhaps that would be considered a de facto administration. Perhaps, also, if defendant had been required to respond in damages to Albert, as administrator, for the death of decedent, it might have relief somewhere and somehow against a second suit by Levi. But those questions have not arisen. Defendant's only right at this time is that it be impleaded by a plaintiff with authority to bind the estate. Plaintiff in this case shows an authority of unimpeachable authenticity and regular on its face, whereas defendant's effort is not to explain who it is that is managing the first suit, for it may be conceded that Albert Milbra is doing that, but to enlarge the meaning of the probate record upon which Albert relies for authority by showing that a grant of letters to administer the estate of Milburn concluded the court against a grant of letters to administer the estate of Milbra.

The court of probate is a court of general jurisdiction in the matter of granting letters of administration. All intendments must be indulged in favor of its records. Here the court in both instances was dealing with its own record, and must be presumed to have been informed of the facts. The facts authorized a finding that its first effort had been abortive; and, with the view of sus-

taining the second grant of administration, when collaterally assailed, it is proper to consider the action of the court as a finding that the first grant was ineffectual for the reasons we have stated, and that there was a vacancy in the administration of the estate of Milbra because no administrator of his estate had been appointed.   Or, if the validity of the subsequent proceeding could not be otherwise upheld, we would consider the record as having been amended so as to show a finding of the facts as they now appear.—*Ragland v. King,* 37 Ala. 80; *Cogburn v. McQueen,* 46 Ala. 551; *Bean v. Chapman,* 62 Ala. 58; *Morgan v. Casey,* 73 Ala. 222. An examination of the cases cited by appellee will show that inferentially they sustain our position.   Accordingly we hold of the case presented that the letters issued out of the probate court to plaintiff in this action were not impeachable collaterally.   It follows that on the issues raised by the plea in abatement and the plea of ne unques administrator plaintiff was entitled to the affirmative charge.

Other questions indicated by the assignment of errors have not been argued by counsel for appellee, and it would probably serve no useful purpose to discuss them at this time.   Because the trial court failed to observe the principles which we think should have controlled its action in respect to the questions discussed, the judgment will be reversed.

Reversed and remanded.   All the Justices concur, except DOWDELL, C. J., not sitting.