**ALL STATES LIFE INS. CO. v. JAUDON.**

**6 Div. 691.**

Supreme Court of Alabama.

June 20, 1935.

Harwood & McQueen, John D. McQueen, Jr., Foster Rice & Foster, and J. G. Madison, all of Tuscaloosa, for appellant.

Jones & Dominick, of Tuscaloosa, for appellee.

BOULDIN, Justice.

The bill was filed by appellant for the cancellation of insurance policies, in so far as they stipulate for disability benefits. These stipulations are incorporated in life insurance policies, by riders attached. The same relief is prayed by way of reformation of the policies so as to strike out the disability benefit provisions. The bill also seeks to enjoin a suit at law for the recovery of certain monthly benefits claimed by the insured to have already accrued. All States Life Ins. Co. v. Jaudon, 228 Ala. 672, 154 So. 798, 94 A. L. R. 1128.

The appeal is from a decree sustaining demurrers going to the equity of the bill.

The bill challenges the binding obligation of these disability provisions on the three grounds:

First. Misrepresentations in the applications touching insured's state of health, treatment by physicians, and the like, matters increasing the risk of loss, or made with actual intent to deceive.

Second. Breach of condition or warranty to the effect that the policies would not become effective if the insured was not in sound health at the time the first premiums were paid.

Third. Mistake of the examining physician as to the applicant's state of health, resulting in a report that he was a good insurance risk, the insured knowing of such mistake at the time, and by silence taking advantage of same to get insurance.

It is unquestioned law that equity will not entertain a bill to cancel an insurance policy for fraud or breach of warranty after alleged liability has accrued, and a suit at law is pending wherein a full

and adequate remedy is available to the insurer. National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; Pacific Mut. Life Ins. Co. v. Strange, 223 Ala. 226, 135 So. 477; Id., 226 Ala. 98, 145 So. 425.

■ That the insurer may set up in pleas at law the first and second grounds above mentioned is not debatable.

But the insistence is that the remedy at law is not full, adequate, and complete. The argument seems to proceed on the ground that the insurer has a right to interpose defenses to the particular installments, monthly benefits, sued upon; defenses like no present disability as defined in the policy, want of notice, or proof as stipulated; that such pleas being interposed along with pleas of no valid contract because of fraud or breach of warranty, a general verdict for defendant would not be res adjudicata of these latter issues, and defendant would be subjected to a multiplicity of suits, or annoyed by future litigation, which a court of equity can prevent through cancellation.

■ It is not to be questioned that where an obligation is payable in installments, defenses going to the entire obligation, presenting issues which go to all installments alike, when adjudicated on their merits, become conclusive, res adjudicata, of such issues in actions on future installments. Yancey et ux. v. Denham, 211 Ala. 138, 99 So. 851; Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8.

■ But, if there are other defenses litigated and submitted to the jury at the same time, and the record does not disclose upon what issue the verdict for defendant was rendered, such record will not sustain a plea of res adjudicata. Strauss v. Meertief, supra.

But is a court of law impotent without authority and duty to have its records fully disclose the issues presented, have them fully determined, and such determination clearly shown of record?

■ We have no statute for special findings of fact as in some states. Where only one issue is presented, and a general verdict clearly settles the same, it is the right of the jury to write a general verdict, and it is held error for the court to require a special verdict. Foster v. Johnson, 70 Ala. 249.

In Brantley's Case (State v. Brantley), 27 Ala. 44, it was held that where several pleas are interposed and the issues thereon submitted to the jury, a general verdict: "We, the jury, find the issues for defendant," will be construed as finding all the issues for defendant. A different situation was recognized if the verdict in such case was merely: "We, the jury, find for defendant." See, also, Tuscaloosa Belt Railroad Co. v. Maxwell Bros., 171 Ala. 318, 54 So. 620.

But it does not follow that the real issues tried and determined at law must be left in doubt and uncertainty.

In Milbra v. Sloss-S. S. & I. Co., 182 Ala. 622, 62 So. 176, 178, 46 L. R. A. (N. S.) 274, a plea in abatement and a plea to the merits were submitted to the jury together. There was a general verdict for defendant. Said the court: "More conveniently, perhaps, the two classes of pleas could have been determined separately; the plea in abatement being tried first in order. It was not impossible, however, to try the case on all pleas at once; but in that case the jury should have been instructed, in the event of a finding for defendant, to indicate by their verdict the issue on which they so found, for so only could the exact meaning and effect of such finding be determined and made to appear." 182 Ala. 622, 626, 62 So. 176, 178, 46 L. R. A. (N. S.) 274.

Again we have said:

"'General verdicts are always sufficient, if they respond in substance to every material fact involved in the issue. * * *

"'It is different when the verdict is imperfect in substance, and does not respond affirmatively, or by necessary implication, to the issues as formed.'" City of Birmingham v. Hawkins, 196 Ala. 127, 131, 72 So. 25, 27, and authorities cited.

■ Without further discussion, we hold the law court has full power to adjudicate the question of valid contract vel non, and also the issue of disability vel non, the accrual of the right of action under the contract, when these issues are presented by appropriate pleas; and, upon request, it will become the duty of the court to instruct the jury to consider all the pleas, and, if they find for defendant, to show by their verdict, what issues are so found, designating the pleas by number or otherwise. This, because the legal effect of their finding cannot be shown by a general verdict for defendant in a case of this sort.

Touching the third ground upon which equitable relief is sought, viz., mistake of the examining physician superinduced by representations of the insured, or his silence with knowledge of such mistake, we find no occasion to state the governing principles involved. See Black on Rescission and Cancellation, § 130, p. 366; 59 A. L. R. p. 809; Pacific Mut. Life Ins. Co. v. Glaser, 245 Mo. 377, 150 S. W. 549, 45 L. R. A. (N. S.) 222–227.

In this cause a complete remedy at law is available under a less complicated issue. Unless the insured was in bad health when the examination was made by the physician, there was no mistake. If he was, a plea at law raising the issue of unsound health, when the policy was delivered and first premium paid, will present an essential inquiry upon which the allegations of mistake must depend.

Affirmed.

GARDNER, THOMAS, and FOSTER, JJ., concur.