**CARPENTER et al. v. EDMONSON.**
No. 8490.

Circuit Court of Appeals, Fifth Circuit.
Nov. 8, 1937.

896

Frank E. Spain and H. H. Grooms, both of Birmingham, Ala., for appellants.

Ernest L. All and S. M. Bronaugh, of Birmingham, Ala., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

On November 7, 1936, appellants brought this suit to cancel for fraud a policy of disability insurance providing for payment of $500. a month. The fraud relied on was that the policy had been secured by false answers in the application for it. It was alleged that complainants, on September 8, 1936, had ascertained for the first time the falsity of the answers, when they learned that the insured had had a duodenal ulcer at the time the insurance was applied for, and that he had suffered from it during the whole time the policy was in force; that on October 31, 1936, complainants had served on respondent notice of rescission of the policy, and had tendered back his premiums; that there is no suit pending on the policy; that complainant has no adequate remedy at law, and unless the bill is entertained, he will suffer irreparable injury.

On March 18, 1937, the complaint was amended by amplifying and making more specific many of the matters of fact already alleged, and to allege that on October 31st insured had instituted suit upon the policy in the circuit court of Jefferson county, Ala., to recover disability benefits due him on June 22, July 22, August 22, September 22, and October 22, 1936. Among the reasons why the court should take jurisdiction it was averred that complainants will be subjected to a multiplicity of suits, by being called to answer as each installment comes due; that numerous suits at law might be brought without at any time putting in issue the right to cancel; that unless this suit is entertained plaintiff is in danger of losing its witnesses; that the policy does not contain a provision for the waiver of premiums in event of disability, and at each particular payment complainant will be put to the election of accepting or rejecting the premiums when tendered, without knowing whether the policy is or is not valid.

In addition to other amendments to the prayer the bill was further amended to pray for a declaratory judgment that the policy is null and void, and that complainants are not liable thereon.

The defendant moved to dismiss the bill as amended, on the ground that it was without equity as to the relief of cancellation, for it showed on its face that complainants had an adequate remedy at law, in that it appeared from the bill that the policy contained no incontestable clause, and, further, it appeared that a suit at law was pending to adjudicate the very questions of the validity of the policy of insurance, and the disability of defendant which the bill presents. So much of the bill as sought a declaratory judgment was opposed upon the same ground.

The District Judge thought Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, Pacific Mutual Life Ins. Co. v. Parker (C.C.A.) 71 F.(2d) 872, Di Giovanni v. Camden Fire Ins. Co., 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47, conclusive against complainant's right to maintain its equitable action for the coercive relief of cancellation.

As to the petition for a declaratory judgment, he thought, citing All States Life Ins. Co. v. Jaudon, 230 Ala. 593, 162 So. 668, that plaintiff could raise and settle in the state court of Alabama all questions he sought to raise in this court, and that because of the pendency of that suit the petition for declaratory judgment should also be dismissed.

Appellant is here insisting that there was equity in his bill for the cancellation he prayed, and that in any event the bill should have been retained and adjudicated upon as a petition for a declaratory judgment.

Appellant and appellee have devoted much of their briefs to a discussion of whether, in the absence of an incontestability clause, an equitable action to cancel the policy may be maintained. Appellee insists that the courts have limited such suits to policies containing such provisions. Appellant argues that the existence of an incontestability clause is merely one, and not the only ground, for such a suit, and that under American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268, there is equity in his bill.

We need not concern ourselves with this controversy, for we think it quite clear that the bill is a good petition for declaratory judgment, and as such should have been retained.

Appellee does not contend that if there had been no suit at law pending the petition for declaratory judgment should not have been entertained. He cannot so contend. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, settles the matter to the contrary. It is appellee's position that the pendency of the suit he brought in the state court deprives the court of jurisdiction to, or at least, gives it authority to refuse to, entertain the declaratory judgment suit.

We do not think so. Even if the two suits involved the identical matter, if, in short, both the suit in the state and that in the federal court were upon a fully matured policy, we think it plain that under the Declaratory Judgment Act (Jud.Code § 274d, as amended, 28 U.S.C.A. § 400) the petition stated a cause of actual controversy, as to which the court's jurisdiction was invoked, and of which it was bound to take cognizance.

But here the suit in the federal court was quite different from that in the state court, for though on the same policy in both courts, the suit in the state court was for only a few installments, and it might go off without deciding the precise question at issue, while that in the federal court looking to a determination of rights and obligations under the whole policy, involved a settlement and disposition once and for all, of controversies which, until so settled, were capable of indefinite repetition. The fact that a decision in the state court, if finally reached before the case in the federal court is decided, may settle the matter, is no ground for declining to take jurisdiction. Both the suit at law in the state court, and the suit for declaratory judgment in the federal court, are suits in personam, and both may proceed until one of them is so decided as that it completely disposes of the issues for decision in the other.

The judgment is reversed, and the cause is remanded for further and not inconsistent proceedings.