**MUTUAL LIFE INS. CO. OF NEW YORK**
**v. KREJCI et al.**

No. 7554.

Circuit Court of Appeals, Seventh Circuit.

Nov. 14, 1941.

G. B. Christensen, Gerard E. Grashorn, and George W. Ott, all of Chicago, Ill., for appellant.

Harry J. Myerson and J. S. Pressman, both of Chicago, Ill., for appellees.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff appeals from a judgment dismissing upon defendants' motion its amended complaint for a declaratory judgment.

It was averred in the complaint that defendant Bohumil W. Krejci, the insured under a policy issued by plaintiff providing for waiver of premiums and payment of disability insurance in case of the insured's total and permanent disability, had in 1936 and periodically thereafter represented himself to be totally and permanently disabled and claimed payments therefor; that the claims had been allowed, the insurance paid and payment of further premiums waived until about January 15, 1940, when plaintiff for the first time discovered that after February 15, 1938, the insured had not suffered from any impairment of mind or body which rendered it impossible for him to follow a gainful occupation but that contrary to his representations "as hereinbefore stated," the insured had been able to follow and did from and after January 28, 1938, follow a gainful occupation and has not since February 15, 1938 been totally and permanently disabled. It was further averred that the false representations of the insured that he was totally and permanently disabled had been made for the purpose of inducing plaintiff to continue making disability payments; that plaintiff had relied upon them and, not knowing of their falsity, has paid him, since he ceased to be totally and permanently disabled, some $3,800 as disability benefits and waived premiums aggregating $858; that, upon discovering the falsity of the representations, plaintiff refused to make further payments and to extend further waivers.

Plaintiff prayed that the court take jurisdiction and determine whether the insured is totally and permanently disabled and whether plaintiff is entitled to set off the amount due it by reason of the alleged fraud against any rights the insured has in the policy; that unless the insured repay the sum plaintiff has paid him as a result of the alleged fraud the policy be declared lapsed and that the court enter a declaratory judgment declaring and adjudicating, as provided in the Declaratory Judgment Act, 28 U.S.C.A. § 400, the rights and obligations of defendants, the insured, his wife and conservatrix and the City of Chicago, a garnishee creditor, and of plaintiff and the legal and equitable relations between plaintiff and defendants involved in the existing controversies and such further relief as might be deemed equitable.

The City of Chicago was made defendant because it had begun an attachment suit against the insured and procured a writ of garnishment against plaintiff in an effort to recover and apply upon an alleged debt due from the insured to the city, the cash surrender value of the policy.

Defendants filed motions to make the complaint more specific, to require plaintiff to supply a bill of particulars and to dismiss the bill. Upon the first two, the court made no ruling; upon the third, it dismissed the complaint.

In what we deem a controlling case, Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000 the court held that jurisdiction attached under the declaratory judgment act. Here, as there, there is a dispute between the parties to an insurance policy in an adversary proceeding—a dispute which relates to the legal rights and obligations arising from the contract; not a hypothetical, moot or abstract controversy but a definite and concrete dispute concerning which the parties have taken adverse positions with regard to the disability benefits which by the contract were to be paid upon prescribed conditions. In the words of that court: "On the one side, the insured claimed that he had become totally and permanently disabled and hence was relieved of the obligation to continue the payment of premiums and was entitled to the stipulated disability benefits and to the continuance of the policies in force. The insured presented this claim formally, as required by the policies. It was a claim of a present, specific right. On the other side, the company made an equally definite claim that the alleged basic fact did not exist, that the insured was not totally and permanently disabled and had not been relieved of the duty to continue the payment of premiums, that in consequence the policies had lapsed, and that the company was thus freed from its obligation either to pay disability benefits or to continue the insurance in force. Such a dispute is manifestly susceptible of judicial determination. It calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." This language is directly applicable to and decisive of the sufficiency of the complaint here involved.

Defendants insist that whether the complaint in a declaratory judgment proceeding should be approved is one of discretion for the trial court and in support of this rely upon Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; American Automobile Insurance Co. v. Freundt, 7 Cir., 103 F.2d 613. Regardless of whether our broad announcement in the case last cited is universally true—a proposition denied by other courts, such as Carpenter et al. v. Edmonson, 5 Cir., 92 F.2d 895 —it is certainly true that the jurisdiction granted by Congress under the declaratory judgment act is not to be exercised or denied at any whim of the trial court. As Judge Treanor said in American Automobile Insurance Co. v. Freundt, 7 Cir., 103 F.2d 613, the court may not refuse arbitrarily to exercise jurisdiction when it is invoked by appropriate proceeding. Rather it must exercise the jurisdiction created by legislative act, in the absence of showing of facts which constitute a recognized legal ground justifying a refusal to pass upon the merits of the cause. Congress has seen fit to create the remedy; the Supreme Court has defined the essentials of the cause of action. The present case falling within them, the District Court should have taken jurisdiction.

But, defendants say, the complaint does not charge fraud with sufficient particularity. The sufficiency of the claim in this respect we deem settled by the decision in Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. It is averred that the insured made continuing false representations with intent that they be acted upon; that plaintiff did rely upon them to its damage, being ignorant of their falsity and reasonably believing them to be true. There is no necessity of plaintiff pleading his evidence. To do so is to ignore the intent and purpose of the Federal Rules of Civil Procedure, which aim at simplicity and terseness. The specific question of fact was squarely presented whether from February 28, 1938 plaintiff was or was not totally and permanently disabled contrary to his alleged representation to that effect.

Nor is it any answer to the averments that defendants assert that on the face of the complaint it appears that plaintiff was negligent. We think such an inference does not follow from the averments, but if it does, the insured may not achieve and enjoy the fruits of fraud by saying that plaintiff should not have believed him. Pattiz v. Semple, D.C., 12 F.2d 276; Pustelniak v. Vilimas, 352 Ill. 270, 185 N.E. 611.

Defendants insist that plaintiff has an adequate remedy at law in the attachment suit instituted by the City of Chicago. Rule 57 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that in an action for declaratory relief the existence of other adequate remedy does not preclude declaratory relief where it

is appropriate. This is not an equity suit wherein the existence of an adequate remedy in a court of law may bar the action. It invokes rather a statutory remedy created by Congress, the procedure under which is fixed by the rule quoted. It is unnecessary to aver that plaintiff has no adequate relief in defending a suit brought by the insured or in defending the attachment suit. Carpenter v. Edmonson, 5 Cir., 92 F.2d 895.

■ The pendency of the attachment suit brought by the City of Chicago is in no way a bar to the action. There the city has summoned plaintiff as a garnishee, seeking to reach the cash surrender value of the policy involved. That suit will require adjudication of the questions (1) whether the insured owes the city and (2), if that be true, whether the city can garnishee plaintiff and recover the cash surrender value. It may be shown in that suit that the insured owes the city nothing; such showing will effectually dispose of the litigation there. It may be shown that the insured does owe the city but that under the terms of the policy the cash surrender value is not due and is not subject to garnishment. Such a showing too, would effectually dispose of the suit in the state court. In other words the trial of that cause may or may not involve any issue other than those mentioned. If it does proceed to such an extent that it becomes material there to determine whether insured is entitled to receive his disability payments, that adjudication will be wholly ancillary and incidental to the real controversy in the suit. Remembering that the presence of an adequate remedy is no bar to a suit for declaratory judgment and bearing in mind that the judgment of the state court in the garnishment suit does not directly or necessarily involve the controversy which the plaintiff brings into court, it follows that the pendency of that suit should not militate in any wise against the court's jurisdiction to entertain plaintiff's complaint.

■ Defendants have filed a motion to dismiss the appeal upon the ground that subsequent to the dismissal of plaintiff's complaint, the insured filed a complaint to secure a declaratory judgment and that therein plaintiff moved to dismiss the same for want of jurisdiction. Hence, defendants say the plaintiff has taken an inconsistent position and is estopped to deny that the order from which this appeal is taken was erroneous. To this we cannot assent.

Whether the insured was entitled to complain under the declaratory judgment act or whether plaintiff was, are in no wise the same questions. There is no estoppel, no inconsistency;—the motion to dismiss is denied.

■ That plaintiff, in addition to its prayer for declaratory relief, asks recovery of moneys alleged to have been expended in reliance upon the assured's fraud, does not defeat the power of the court to grant declaratory relief. Stephenson v. Equitable Life Assurance Society, 4 Cir., 92 F.2d 406.

The judgment of the District Court is reversed with directions to proceed in accord with the announcements herein contained.