Marvin E. ZAVODNIK, Appellant,

v.

**GREYHOUND CORPORATION, a corporation, Appellee.**

No. 2656.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 16, 1960.

Decided Dec. 14, 1960.

George R. Jacobi, Washington, D. C., with whom Howard D. Levine, Washington, D. C., was on the brief, for appellant.

Wilbert McInerney, Washington, D. C., for appellee. Joseph S. McCarthy, Washington, D. C., was on the brief.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

Plaintiff sued Greyhound for the value of a suitcase and contents. The complaint was in three parts; the first charged conversion of the property, the second charged gross negligence resulting in its loss or destruction, and the third charged that the loss resulted from the fraud and deceit of defendant in falsely representing that the suitcase would be placed aboard the same bus on which plaintiff was to travel. Defendant filed an answer denying negligence or fraud. This was followed by pretrial proceedings and then by defendant's motion for summary judgment. The trial court granted the motion and ordered summary judgment for defendant on the first two counts of the complaint, and also ordered a dismissal of the third count. This appeal followed.

Defendant's motion for summary judgment was based on the claim that its liability was limited to $25 under a "National Baggage Tariff" authorized by the Interstate Commerce Commission. The motion

made reference to a supposedly certified copy of such Tariff as an exhibit, but such is not in the record before us; nor is it in the original file of the case, which we have examined. At pre-trial the following stipulations were noted:

"1. Passenger's Duplicate Check, initialed by the pretrial judge, may be admitted without formal proof.

"2. Stipulated that the defendant has on file with the I.C.C. tariff limitation of $25 on passenger's baggage unless an excess evaluation is declared."

However it does not appear that the passenger's check or the tariff limitation was ever submitted to or received by the trial court; these pieces of evidence are not in the record before us or in the file of the trial court. Indeed there is no evidentiary showing of any kind in the record, by way of affidavits, depositions or otherwise, as to the wording of the claim check or the applicability of the tariff limiting liability. We think it was essential that there be such a showing before the court could properly rule on the question of limitation of liability.[1] See Pennsylvania Greyhound Lines v. Wells, D.C.Mun.App., 41 A.2d 837; Neece v. Richmond Greyhound Lines, 246 N.C. 547, 99 S.E.2d 756, 68 A.L.R.2d 1341.

Accordingly, and applying the familiar tests as to summary judgment, it cannot be said that there were no genuine issues for trial or that there was no theory on which plaintiff could have prevailed. Evers v. Buxbaum, 102 U.S.App.D.C. 334, 253 F.2d 356; Gray Tool Co. v. Humble Oil & Refining Co., 5 Cir., 186 F.2d 365, certiorari denied 341 U.S. 934, 71 S.Ct. 854, 95 L.Ed. 1363.

The trial court dismissed the third count of the complaint for failure to comply with its Rule 9, which requires that the circumstances constituting fraud shall be stated with particularity. This ruling was

erroneous. The allegations as to fraud and deceit were quite full as to time, place and circumstances, and also as to the nature of the fraudulent misrepresentations. This count complied with Rule 9 and should not have been dismissed. Mutual Life Ins. Co. of New York v. Krejci, 7 Cir., 123 F.2d 594; Levenson v. B. & M. Furniture Co., 2 Cir., 120 F.2d 1009.

Reversed.

---

1. Appellant's brief refers to provisions in the Tariff as to dimensions and weight of baggage. But since no part of the Tariff was established, we do not rest our decision on any exclusionary clauses or proof or lack of proof as to their applicability.